IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DARRYL GADSON,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )    CIVIL ACTION NO. 5:25-cv-391 (MTT)
                                        )
MACON-BIBB COUNTY, GEORGIA,             )
                                        )
          Defendant.                    )
_____ )

## ORDER

Before the Court is Defendant Macon-Bibb County's renewed motion to dismiss Count I of Plaintiff Darryl Gadson's amended complaint. ECF 33. In Count I, Gadson accuses Macon-Bibb County of discriminating against him because of a disability. ECF 35 ¶¶ 16–20. For the reasons explained below, Macon-Bibb County's motion is **GRANTED**.

## I.   BACKGROUND[1]

Gadson allegedly is an individual with a qualified disability under the ADA, with documented spinal and nerve conditions. ECF 35 ¶ 2. Gadson has grievances with Macon-Bibb County's Building and Fire Safety Department and has raised numerous concerns about the Department. *Id.* ¶ 5. On December 3, 2024, Gadson visited the Building and Fire Safety Department, but the chief building official sought to remove

---

[1] The Court takes the following facts from the well-pleaded allegations in the amended complaint, construing all reasonable inferences in the light most favorable to Gadson. *See FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011).

Gadson from the facility. *Id.* ¶ 6. Gadson received a trespass warning, which Gadson alleges falsely stated that he had engaged in disruptive behavior. *Id.*

A few weeks later, on December 17, 2024, Gadson attempted to attend a public meeting at 700 Poplar Street. *Id.* ¶ 7. But upon entry, Deputy Wesley Hillard, a deputy from the Macon-Bibb County Sheriff's Office, confronted him. *Id.* Deputy Hillard had a "pre-prepared" trespass warning on his desk, which already contained Gadson's personal details. *Id.* ¶ 8. After Deputy Hillard confronted him, Gadson informed Deputy Hillard of his disability and requested permission to lean on a nearby podium for support. *Id.* ¶ 9. Deputy Hillard denied his request. *Id.* Gadson asked Deputy Hillard to call emergency services, but Deputy Hillard refused. *Id.* ¶ 10.

## II.  STANDARD

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp.*, 658 F.3d at 1296 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Moreover, pleadings by *pro se* litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation modified). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

### A.  Title II of the ADA, Section 504 of the Rehabilitation Act

Macon-Bibb County moves to dismiss Count I, violation of Title II of the ADA (42 U.S.C. § 12132) and § 504 of the Rehabilitation Act (29 U.S.C. § 794) against Macon-Bibb County. ECF 33. To state a claim under either Title II or § 504, a plaintiff must plausibly allege that (1) "he is a qualified individual with a disability;" (2) "he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (3) "the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) (citation modified).[2]

---

[2] Section 504 of the Rehabilitation Act "prohibits discrimination against the disabled by recipients of federal funding." *See Ingram v. Kubik*, 30 F.4th 1241, 1257 (11th Cir. 2022) (citation modified). The amended complaint fails to allege that Macon-Bibb County receives federal financial assistance as required by § 504 of the Rehabilitation Act. *See* ECF 35.

The amended complaint alleges Macon-Bibb County, through Deputy Hillard, an employee of the Macon-Bibb County Sheriff's Office,[3] discriminated against Gadson based on his disability. ECF 35 ¶¶ 7, 19. Gadson recorded his encounter with Deputy Hillard.[4] In that recording, Deputy Hillard asked Gadson to leave the premises. Exhibit B-1, Video 523 at 2:00–2:15. Gadson responded by telling Deputy Hillard: "Wait on my disability." *Id.* He stated he was handicapped and that he could not walk. Exhibit B-1, Video 525 at 0:01–0:10. Gadson alleges Deputy Hillard discriminated against him by "[f]ailing to provide a reasonable modification to policy by denying his request to lean on the podium for stability," and "[f]ailing to make a reasonable accommodation by refusing to call emergency medical services when requested due to his disability-related distress." ECF 35 ¶ 19.

### 1. Denial of participation in a public meeting

Gadson first alleges that Macon-Bibb County denied Gadson access to a public meeting.[5] ECF 35 ¶ 19. But that alone is not enough to state a claim for discrimination under Title II or § 504. Gadson must allege Macon-Bibb County denied Gadson access *because of* his disability. *See Silberman*, 927 F.3d at 1134. The amended complaint does not make that allegation. *See* ECF 35. If anything, the amended complaint alleges Deputy Hillard denied Gadson access because Gadson was not permitted on the premises, hence the "pre-prepared" trespass warning containing Gadson's personal

---

[3] Under Georgia law, the Sheriff's Office and the County are independent, separate entities. *See Manders v. Lee*, 338 F.3d 1304, 1319 (11th Cir. 2003).

[4] Gadson used Ray-Ban Meta glasses to record various incidents that are the subject of Count I of his amended complaint. ECF 51 at 7:9–11. He attached these recordings to his complaint, and they are in the record. *See* Exhibit B-1.

[5] According to Gadson's recordings, there was no public meeting that day. *See* Exhibit B-1, Video 513 at 0:01–0:15.

details. *Id.* ¶¶ 6, 8. As to why Macon-Bibb County barred Gadson from the premises, the amended complaint contains no factual allegations suggesting that Gadson's disability played any part in the issuance of the trespass warning. *See* ECF 35. Indeed, the amended complaint does not even allege that Macon-Bibb officials were aware of Gadson's alleged disability. *Id.* Gadson's request to lean on a podium was the first notice of a disability and that request came after Deputy Hillard instructed him to leave the premises. *See id*. ¶¶ 9–11; Exhibit B-1, Video 523 at 2:00–2:15.

Gadson argues in his response brief[6] that Macon-Bibb County discriminated against him by forbidding his access to public buildings in retaliation for Gadson's complaints about discrimination and his attempts to access Macon-Bibb County services. ECF 39 at 2. But Gadson has not raised a retaliation claim under the ADA in his amended complaint. *See* ECF 35. Nor has he alleged facts showing that Macon-Bibb County's claimed retaliation related to asserting rights protected under the ADA. *See* 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter); *see also Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 225 (2024) ("A retaliation claim under Title V is predicated on an individual suffering a harm post-asserting rights under a separate ADA provision.").

In sum, the amended complaint fails to plausibly allege that Macon-Bibb County denied Gadson access to a public meeting because of his disability. Consequently, Gadson has not stated a claim under Title II or § 504 based on that denial.

---

[6] The Court has previously informed Gadson that a response brief is not the proper avenue for amending his complaint. *See* ECF 37 at 1.

### 2. *Request to lean on a podium and for emergency medical services*

Gadson also alleges that Macon-Bibb County discriminated against him when Deputy Hillard refused to allow Gadson to lean on a podium and refused to call emergency medical services[7] after he requested them. ECF 35 ¶ 19. Deputy Hillard's conduct is not enough to support a claim under the ADA or Rehabilitation Act against Macon-Bibb County for two reasons. First, the amended complaint fails to plausibly allege Deputy Hillard's conduct violated the ADA or Rehabilitation Act. Second, the amended complaint fails to plausibly allege Macon-Bibb County is liable for Deputy Hillard's response to Gadson's requests to lean on a podium and for emergency services.

To the extent leaning on a podium can be construed as the denial of a public benefit, Gadson does not plausibly allege that Deputy Hillard denied Gadson's request to lean on the podium because of Gadson's disability.[8] *See* ECF 35. Moreover, the ADA and Rehabilitation Act are not violated by a defendant's failure to adequately attend to the medical needs of a disabled individual. *See Finn v. Haddock*, 459 F. App'x 833, 837–38 (11th Cir. 2012) ("[F]ailure to provide adequate medical treatment . . . does not violate the ADA or Rehabilitation Act."); *Jones v. Rutherford*, 546 F. App'x 808, 811–12 (11th Cir. 2013) ("[T]he ADA is not a remedy for medical malpractice and would not be

---

[7] The video recording shows Deputy Hillard responded to Gadson's request to call an ambulance by saying, "that's no problem, we will do it outside." Exhibit B-1, Video 519 at 1:35–1:51. Gadson replied that he could not make it outside, a statement flatly contradicted by Gadson's video. *Id.*

[8] Macon-Bibb County argues, based on the video evidence, Deputy Hillard asked Gadson not to lean on the podium for fear that the podium would break. ECF 33 at 6. Gadson responds that Deputy Hillard leaned on the podium later in the video recording, showing he was not truly concerned about the podium breaking. ECF 39 at 4. Whether fear that the podium would collapse was the true reason for the denial is beside the point, however, because the amended complaint does not plausibly allege discrimination on the basis of disability in any case.

violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." (citation modified)); *see also Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005). Consequently, Gadson fails to plausibly allege violations of the ADA or Rehabilitation Act based on Deputy Hillard's denial of Gadson's request to lean on the podium and to call emergency services.

In any event, vicarious liability for an employee's alleged discrimination is not available under Title II or § 504. *See Ingram*, 30 F.4th at 1258–59. Thus, Macon-Bibb County is not vicariously liable for Deputy Hillard's actions. Instead, Gadson must plausibly allege "the deliberate indifference of an *official* who at a minimum has *authority* to address the alleged discrimination and to institute corrective measures on the [entity's] behalf and who has *actual knowledge* of discrimination in the [entity's] programs and fails adequately to respond." *Id.* at 1259 (citation modified); *see also Silberman*, 927 F.3d at 1135 (The official "must be high enough that [his] actions 'constitute an official decision by the [entity] itself not to remedy the misconduct.'" (quoting *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1255 (11th Cir. 2010))).

Gadson does not allege, nor does he argue, that Deputy Hillard was high enough in the chain of command that his refusal to allow Gadson to lean on a podium or to call medical services constituted an official Macon-Bibb County decision.[9] Nor could he; Deputy Hillard is not even employed by Macon-Bibb County. ECF 35 ¶ 7. Gadson argues that other Macon-Bibb County officials retaliated against him through trespass

---

[9] For this reason, the amended complaint also fails to state a claim for compensatory damages, which requires a showing of deliberate indifference. *See Silberman*, 927 F.3d at 1134 (explaining that to receive damages, a plaintiff must allege "that the entity that he has sued engaged in intentional discrimination, which requires a showing of 'deliberate indifference.'" (quoting *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012))).

warnings. ECF 39 at 3. But again, the amended complaint does not assert an ADA retaliation claim, and the Court has previously ruled that Gadson's First Amendment retaliation claim against Macon-Bibb County may proceed for further factual development. And even if the amended complaint had alleged an ADA retaliation claim, Gadson does not allege that other Macon-Bibb officials were aware of his alleged disability. *See* ECF 35.

3.  *Video recordings show no basis for Gadson's ADA or Rehabilitation Act claim*

In addition to the pleading deficiencies apparent on the face of Gadson's amended complaint, the Court may also consider the video recordings Gadson incorporated into his complaint. *See* Exhibit B-1. "In general, district courts must limit their consideration to the pleadings and any exhibits attached to the pleadings when ruling on a motion to dismiss." *Swinford v. Santos*, 121 F.4th 179, 186–87 (11th Cir. 2024), *cert. denied*, 146 S. Ct. 204 (2025). Gadson's initial complaint incorporated Gadson's video recordings as exhibits, and he tendered them for digital filing the day he filed his complaint. ECF 1, 3. Thus, under the general rule, the Court may consider the recordings attached to Gadson's complaint. Further, when ruling on a motion to dismiss, "a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

Here, Gadson's recordings are central to his claims, and their authenticity is not in dispute. The Court has reviewed and considered the video recordings of Gadson's interactions with Deputy Hillard. *See* Exhibit B-1. Nothing in these recordings suggests

Deputy Hillard discriminated against Gadson based on his disability. *See id.* Rather, Deputy Hillard instructed Gadson to leave the premises because of the trespass warning issued against him, a request Gadson vigorously resisted. *See id.*

### B. Conflict of Interest

Gadson's response brief raises a concern that Duke Groover, a partner in the law firm representing Macon-Bibb County in this action, was apprised of Gadson's complaints in December 2024.[10] ECF 39 at 5. Gadson argues Groover is thus serving a "dual role" as a potential fact witness in this case and a legal representative of Macon-Bibb County. *Id.*

The Court's Local Rules state that attorneys "shall be governed by this Court's Local Rules, by the Rules of the Professional Conduct adopted by the [Georgia Supreme Court], . . . [and] the American Bar Association Model Rules of Professional Conduct." M.D. Ga. L.R. 83.2.1(A). The Georgia Rules of Professional Conduct and the American Bar Association's Model Rules employ an identical Rule 3.7, which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.

---

[10] Gadson has repeatedly recorded his encounters with Macon Bibb County employees and others. Apparently, Gadson believes that surreptitious recordings somehow help his case. So far, he has been wrong. Two of his claims have been dismissed in part based on the irrefutable evidence provided by his recordings. At the Court's initial discovery conference, the Court instructed Gadson that he could not record parties in this case without their consent. ECF 51 at 7:12–8:13. Gadson said he understood that instruction. *Id.* But then, to gather evidence to support his claim that one of the defense lawyers may be a witness, Gadson recorded, without consent, a telephone conversation with a representative of the law firm representing the defendant. Apparently, he labeled a copy of that recording "Evidence of Duke Groover's conflicting roles 2." In due course, the Court will convene a hearing to address that matter.

At present, it is not at all apparent that Groover is likely to be a necessary witness at trial. If, however, it later appears his testimony may be necessary, the parties are instructed to inform the Court by identifying the specific subject matter of Groover's expected testimony and explaining why it may be necessary.

### IV.  CONCLUSION

Macon-Bibb County's renewed motion to dismiss Count I (ECF 33) is **GRANTED**. Count I (ECF 35 ¶¶ 16–20) is **DISMISSED** without prejudice.

**SO ORDERED**, this 27th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
